IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRETT STACY, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:19-cv-446-M-BN |
| JPMORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 4.

Plaintiff Brett Stacy has filed an Emergency Motion for Temporary Restraining Order (the "TRO Motion") seeking a show cause hearing at which Defendant JPMorgan Chase Bank, N.A. ("JPMC") must appear and show why it should not be temporarily enjoined during the pendency of this action from proceeding with foreclosure until such time as the Court has had an opportunity to consider the merits of Plaintiff's claims and an order to enjoin JPMC from foreclosing in a foreclosure sale scheduled for tomorrow, January 7, 2020. *See* Dkt. No. 50.

For the reasons explained below, the Court should deny the TRO Motion.

**Background**

Plaintiff purchased property located at 3209 Cornell Avenue in Dallas, Texas,

(the "Property"), on October 11, 2007. *See* Dkt. No. 51-1 at 1-2, 6-7. To finance the purchase, Plaintiff executed two notes, secured by two separate deeds of trust, both payable to Washington Mutual Bank, F.A. The first note was in the amount of $1,320,000 and was secured by a deed of trust. The second note was in the amount of $165,000 and was secured by a second deed of trust. Plaintiff borrowed a total amount of $1,485,000 to finance his purchase of the property. *See id.* at 8- 27. Both loans were transferred to JPMC, which obtained rights as the mortgagee on Plaintiff's first and second mortgages. *See* Dkt. No. 1-1 at 10.

Plaintiff defaulted on his loan payment in April 2018. *See id.* at 2. Plaintiff cured the default on June 25, 2018, but he again defaulted on his payments.. *See id.* Plaintiff most recently made a payment on the loan on July 31, 2018. *See* Dkt. No. 44 at 53.

Plaintiff submitted a loss mitigation application to JPMC for the request for mortgage assistance form on October 23, 2018. *See* Dkt. No. 1-5. at 2, 38-49.

On October 29, 2018, JPMC sent Plaintiff a letter regarding the application. The letter identified several deficiencies with the application, including that the form was not dated, the profit and loss statement did not indicate the period of time that it covered or did not cover the required three-month minimum period, and the profit and loss statement was not clear or complete or had been altered. JPMC requested that Plaintiff "send an updated copy of the most recent quarterly or year to date Profit and Loss Statement, signed and dated, showing revenue, expenses, company name and period of time covered" and enclosed the forms to be completed. *See* Dkt. No. 1-1 at 11; Dkt. No. 44 at 92-11. The letter stated that JPMC needed to receive the information by

November 28, 2018 and cautioned Plaintiff that a request for mortgage assistance may not stop foreclosure of the property. *See id.* Plaintiff did not provide the information requested by JPMC by November 28, 2018. *See id.* at 239.

On January 8, 2019, JPMC noticed the Property for foreclosure. The foreclosure sale was set for February 5, 2019. *See id.* at 54-55.

On January 24, 2019, JPMC sent Plaintiff a letter notifying him that JPMC had canceled its review of the application "because we didn't receive all the documents we need." Dkt. No. 44 at 113-14.

Plaintiff submitted another application for mortgage assistance on January 29, 2019. *See* Dkt. No. 1-1 at 12.

On January 31, 2019, Plaintiff filed suit in state court to stop the foreclosure. *See Brett Stacy v. JPMorgan Chase Bank, N.A.*. No. CC-19-707-C (the "Petition"). Plaintiff asserted claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and the Texas Debt Collection Act ("TDCA"). Plaintiff also sought injunctive relief under the TDCA. *See id.* at 8-25.

On February 1, 2019, the state court entered an ex parte temporary restraining order enjoining JPMC from foreclosing on February 5, 2019 and setting a show cause hearing for February 15, 2019. *See id.* at 61-62. On February 11, 2019, the parties entered a Rule 11 Agreement that the state court's temporary restraining order would remain in effect through March 6, 2019. *See id.* at 71-72.

JPMC removed the case to this Court on February 21, 2019, *see* Dkt. No. 1, and

filed a motion to dismiss on February 27, 2019, *see* Dkt. No. 5, which the Court denied on July 30, 2019, *see* Dkt. No. 23.

On August 7, 2019, JPMC offered Plaintiff a modification of the loan that would reduce the monthly mortgage payment to $9,147.16. The offer expired on August 17, 2019. *See* Dkt. No. 44 at 53, 116-43. Plaintiff did not accept the offer. *See id.* at 169-71.

JPMC filed a motion for summary judgment on November 27, 2019. *See* Dkt. No. 42.

On December 16, 2019, JPMC noticed the Property for foreclosure. The foreclosure sale is set for January 7, 2020. *See* Dkt. No. 55-1 at 56-58.

Plaintiff filed a response JPMC's summary judgment motion on January 3, 2020. *See* Dkt. No. 47.

Plaintiff then filed his Emergency Motion for Temporary Restraining Order. *See* Dkt. No. 50. "In order to preserve the status quo, the Property, the rights of Mr. Stacy, and this Court's jurisdiction over the Property during the pendency of this action," Plaintiff asks that "JPMC be cited appear and show cause why it should not be temporarily enjoined during the pendency of this action from proceeding with the foreclosure of the Property until such time as the Court has had an opportunity to consider the merits." *Id.* at 3. Plaintiff also asks the Court to issue a temporary restraining order enjoining JPMC from proceeding with the January 7, 2020 foreclosure. *See id.*

JPMC filed a response this morning, January 6, 2020. *See* Dkt. No. 52. JPMC

argues that the Court should deny the TRO Motion because Plaintiff fails to establish that he has likelihood of success on the merits, that he has suffered imminent or irreparable injury, or that injury to Plaintiff would be greater than the injury to JPMC.

**Legal Standards**

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, a plaintiff must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

This is a "difficult" and "stringent" standard for the movant to meet, and the movant bears "the burden of establishing each element." *Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 591, 595 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless

the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (internal quotation marks omitted). "The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989).

**Analysis**

I. <u>Plaintiff was not diligent in seeking a temporary restraining order.</u>

A party requesting a temporary restraining order must show reasonable diligence in presenting his or her request. *See Benisek v. Lamone,* ___U.S.___, 138 S. Ct. 1942, 1944 (2018) (preliminary injunction).

JPMC posted the foreclosure notice for the Property on December 16, 2019. Two and one-half weeks later, after business hours on January 3, 2020, less than two business days before the scheduled foreclosure sale, Plaintiff filed his "emergency" motion. But the "emergency" is due to Plaintiff's choice to delay filing the motion until the eve of the scheduled foreclosure sale.

II. <u>Plaintiff has not established that he will suffer imminent and irreparable injury.</u>

Plaintiff contends that he will likely suffer imminent and irreparable injury for which he has no adequate remedy at law if the Court does not enjoin JPMC from foreclosing on the property on January 7, 2020 because a foreclosure would potentially divest him of his rights and interests in the property before his claims can be adjudicated on the merits. Plaintiff argues that, if JPMC forecloses, he would lose the right over the equity in his home, which is valued at almost $2 million, and the chance

to accumulate further equity in it. Plaintiff argues that he has expended over $70,000 in attorneys fees and that, if the January 7, 2020 foreclosure occurs, he will incur additional fees in an anticipated forcible detainer action.

But Plaintiff fails to show that he cannot be compensated for these injuries by monetary damages. *See Butnaru v. Ford Motor Co.*, 84 S.W.2d 198, 209 (Tex. 2002) (holding that an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard).

Plaintiff also argues that the Court may consider the uniqueness of the Property in determining whether there are irreparable damages, but he fails to explain how the Property is unique except for its value or how this would justify the Court's exercise of its discretion to issue the requested injunctive relief under the circumstances here. And Plaintiff argues that he would be irreparably harmed because his claims would become moot if JPMC forecloses before the Court makes a final determination on the merits.

But Plaintiff fails to establish that he will suffer the kind of harm that supports a temporary restraining order or preliminary injunction. The Court should not grant a temporary restraining order unless the threatened action would effectively defeat the movant's pending claims. *See American Radio Ass'n v. Mobile Steamship Ass'n, Inc.*, 483 F.2d 1, 5-6 (5th Cir. 1973) (noting that "the purpose of a preliminary injunction is to preserve one's cause of action until it can be adjudicated properly on the merits" and that, in that case, "[r]efusing a preliminary injunction will not moot the controversy, injure appellants so severely that they cannot pursue their cause of action, or otherwise

hamper their chances for adjudication in the federal courts"). In other words, the Court should not issue a temporary restraining order unless this extraordinary relief is necessary to protect the movant's rights at issue in his pending claims. *See id.*

None of Plaintiff's claims in this lawsuit could justify a temporary restraining order to block the foreclosure scheduled for January 7, 2020. Plaintiff's claims are founded entirely on his contention that JPMC violated the "dual tracking" prohibition of 12 C.F.R. § 1024.41 (Reg X) when it posted the Property for foreclosure to be held on February 5, 2019 without evaluating his application for loss mitigation options. That foreclosure never occurred.

As JPMC persuasively argues, Plaintiff's claims do not allow for injunctive relief to permanently block foreclosure. Section 2605(f) of RESPA, which is the exclusive civil enforcement mechanism for Reg X, does not provide for any injunctive relief. *See generally* 12 U.S.C. § 2605(f). The TDCA's civil remedies include injunctive relief but only "to prevent or restrain a violation of [the TDCA]." TEX. FIN. CODE § 392.403(a)(1). Even if Plaintiff could prevail on any of his claims against JPMC, he would not be entitled to effectively invalidate the entire loan through an injunction permanently blocking foreclosure. Foreclosure on January 7, 2020 will not violate Reg X, RESPA, or the TDCA or interfere with or impair Plaintiff's pending claims against JPMC for damages in connection with the earlier foreclosure posting for February 5, 2019.

The Court should deny the TRO Motion because Plaintiff has not established that he will suffer imminent and irreparable harm for which there is no adequate remedy at law.

## Recommendation

The Court should deny Plaintiff's Emergency Motion for Temporary Restraining Order [Dkt. No. 50].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE